```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
EVGENI KABOTYANSKI,

                    Plaintiff,

         -against-                    MEMORANDUM AND ORDER
                                      05-CV-2322(JS)(ETB)

INTERNAL REVENUE SERVICE,
DEPARTMENT OF TREASURY,


                    Defendant.
----------------------------------X
```

APPEARANCES:

For Plaintiff:      Evgeni Kabotyanski, pro se
                    20 Mark Street
                    Port Jefferson Station, New York 11776

For Defendant:      Karen Elizabeth Wozniak, Esq.
                    U.S. Department of Justice
                    P.O. Box 55, Ben Franklin Station
                    Washington, DC 20044-0055

SEYBERT, District Judge:

## INTRODUCTION

Pending before the Court is Defendant's motion to dismiss or in the alternative for summary judgment. Plaintiff filed this action on May 12, 2005, claiming damages of $3,259 for a tax refund. For the reasons below, the Court GRANTS Defendant's motion to dismiss any portion of Plaintiff's claim exceeding $818.

## BACKGROUND

The facts of this case are taken from Plaintiff's Complaint and opposition papers. For the purpose of this motion, the Court presumes these facts to be true. Plaintiff, Evgeni Kabotyanski ("Plaintiff"), currently resides at 20 Mark Street in

Port Jefferson, New York. (Compl. ¶ 1.) Plaintiff sues the Internal Revenue Service, Department of Treasury ("Defendant" or "IRS"). (Id. at ¶ 2.)

On May 12, 2000, Plaintiff filed a 1040NR income tax return with the IRS for the year 1999. (Id. at ¶ 4.) The filing deadline for 1999 was April 17, 2000. (Id.) On April 17, 2003, Plaintiff filed an Amended 1040X Tax Return for the year 1999, amending his filing of May 12, 2000. (Id.) Plaintiff states that his Amended Tax Return was timely filed within the three-year statute of limitations period and is thus not time-barred. (Id.) Despite being timely, the IRS still did not accept Plaintiff's Amended Tax Return. (Id.) This suit followed, and Plaintiff claims damages in the amount of $3,259. (Id.)

**STANDARD OF REVIEW**

When a court considers a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the Court must "accept as true all material factual allegations in the complaint." Puletti v. Patel, 05-CV-2293, 2006 U.S. Dist. LEXIS 51597, at *9-*10 (E.D.N.Y. July 14, 2006) (quoting Atlantic Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd., 968 F.2d 196, 198 (2d Cir. 1992) (citations omitted)). The Court, however, may not draw any "argumentative inferences favorable to the party asserting jurisdiction." Id. (quoting Atlantic Mut. Ins. Co., 968 F.2d at 198). The Court can also "refer to evidence outside the

2

pleadings." Id. at *10 (quoting Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000)).

The party asserting jurisdiction must prove by a preponderance of the evidence that subject matter jurisdiction exists. Id. (quoting Makarova, 201 F.3d at 113). Pro se plaintiffs, although entitled to a more liberal pleading standard, must still comport with the procedural and substantive rules of law. See Jedrejcic v. Croatian Olympic Comm., 97-CV-3865, 1999 U.S. Dist. LEXIS 20946, at *18 (E.D.N.Y. Oct. 6, 1999).

## **DISCUSSION**

Defendant moves to dismiss, claiming that the Court lacks subject matter jurisdiction over the suit for any refund beyond $818. Defendant claims that the Internal Revenue Code ("IRC") has a jurisdictional prerequisite for refund suits. Because Plaintiff has not established subject matter jurisdiction, the Court has no jurisdiction over Plaintiff's claims - except for $818.00 of his claims. Plaintiff contends that the only issue is whether his claim is time-barred.

I. Applicable Law

Federal district courts can hear actions for recovery of taxes that were "erroneously or illegally assessed or collected." Kishnani v. IRS, 91-CV-3953, 1992 U.S. Dist. LEXIS 9851, at *3 (E.D.N.Y. June 24, 1992) (quoting 26 U.S.C. § 1346(a)(1)). A person alleging overpayment of taxes cannot bring a lawsuit unless

3

a claim for refund or credit has been filed with the IRS. See id. (quoting 28 U.S.C. § 7422(a) (internal quotation marks omitted). A taxpayer's claim for a refund or credit must be filed "within 3 years from the time the return was filed . . . ." Id. (quoting 26 U.S.C. § 6511(a)).

26 U.S.C. § 6511(b)(2)(a) imposes a second limitation on the amount of money that the IRS can refund a taxpayer:

> If the claim was filed by the taxpayer during the 3-year period . . . , the amount of the credit or refund shall not exceed the portion of the tax paid within the period, immediately preceding the filing of the claim, equal to 3 years plus the period of any extension of time for filing the return.

26 U.S.C. § 6511(b)(2)(a); see Kishnani, 1992 U.S. Dist. LEXIS 9851, at *6. Thus, the amount of any refund a taxpayer may be entitled to is limited to the amount of tax paid three years immediately preceding the filing of the claim.

Accordingly, "[u]nless a claim for refund of a tax has been filed within the time limits imposed by section 6511(a) and the amount sought was paid within the time proscribed by section 6511(b)(2)(a), a suit for refund may not be maintained in any court." Kishnani v. United States, 91-CV-3953, 1993 U.S. Dist. LEXIS 1952, at *7 (E.D.N.Y. Feb. 12, 1993) ("Kishnani II") (quoting United States v. Dalm, 494 U.S. 596, 602, 110 S. Ct. 1361, 108 L. Ed. 2d 548 (1990)). "As a suit to recover overpayment of taxes exists only by virtue of this statutory waiver of sovereign immunity, this statute of limitations limits the Court's

4

jurisdiction." Id. (quoting Dalm, 494 U.S. at 608).

II. Application Of The Law To These Facts

Plaintiff filed his 1040NR tax return for the year 1999 on May 12, 2000. For tax year 1999, Plaintiff filed his claim for an amended tax refund on April 17, 2003. This April 2003 claim for an amended tax refund was filed within 3 years from the time Plaintiff's May 12, 2000 return was filed. Accordingly, Plaintiff complies with the first time limitation. Defendant does not dispute this.

What Defendant does dispute, however, is what amount Plaintiff may be entitled to. This deals with the second jurisdictional limitation on Plaintiff's claim: the amount to which he is entitled. Defendant argues that Plaintiff is only entitled to $818 - the amount Plaintiff submitted with the May 12, 2000 return.

This Court agrees. The only amount paid within the three years preceding Plaintiff's April 2003 claim for an amended tax refund was the $818 submitted with the May 12, 2000 tax return. Any credit received for withheld taxes is deemed paid on April 15 of the year following the close of the wage earner's taxable year. See Kishnani II, 1993 U.S. Dist. LEXIS 1952, at *8-*9. For tax year 1999, the IRS withheld $6,509.72 from Plaintiff's salary for tax purposes. (Pl.'s Opp. 3.) This amount was deemed paid on April 15, 2000. See Kishnani II, 1993 U.S. Dist. LEXIS 1952, at

5

*8-*9. This date is not within the three years preceding Plaintiff's April 17, 2003 claim for a tax refund - as mandated by 26 U.S.C. § 6511(b)(2)(a). Unfortunately for Plaintiff, he filed two days too late.

Plaintiff raises two arguments in response that the Court must reject. First, Plaintiff argues that when he filed his tax return on May 12, 2000, it was really an amendment to a tax return he had allegedly filed on April 17, 2000. Plaintiff never alleged this in his Complaint. In fact, Plaintiff specifically said he filed his tax return for the year 1999 on May 12, 2000. (Compl. ¶ 4.) The first time he claims he filed his 1999 tax return on April 17, 2000, was in his opposition papers. (Pl.'s Opp. 2.) As proof, Plaintiff filed an exhibit to his opposition papers: a cover letter that accompanied his May 12, 2000, tax return. (Pl.'s Opp. Ex. A, Letter Dated May 10, 2000 From Plaintiff To IRS Center in Pennsylvania.) The cover letter refers to an earlier filed 1040 sent to the IRS's Maryland office, but the cover letter does not indicate the date the earlier tax return was sent to the Maryland office.

Furthermore, Defendant has no record of receiving Plaintiff's tax return sent to the IRS's Maryland office.

6

Defendant proffers evidence indicating that the only tax return received by Plaintiff was the return filed in May 2000. (Pl.'s Reply, Ex. A2 Form 4340, Cert. of Assessments, Payments, and Other Specified Matters, Ex. B2, Decl. Andrew Barone.)

But even if the May 12, 2000, tax return could be treated as amending an earlier-filed tax return, Plaintiff is still only entitled to $818. Plaintiff argues that in the year 2000, April 15 fell on a Saturday, and tax returns were due April 17, 2000. Thus, his claim for a refund filed on April 17, 2003, still is within the statutory period. The Court, however, must reject this argument as well.

Even when April 15 falls on a Saturday, Sunday, or legal holiday, the three-year period still begins to run from April 15 of that year. See I.R.S. Rev. Rul. 2003-41, 2003-1 C.B. 814. Applying this rule to this set of facts, Plaintiff's claim for a tax refund filed on April 17, 2003 was still two days late because the three-year period for filing refund claims commenced on April 15, 2000. Accordingly, the Court rejects Plaintiff's arguments.

The Court thus GRANTS Defendant's motion to dismiss. As for Defendant's motion for summary judgment, the Court finds it unnecessary to decide in light of the fact that Plaintiff's claim cannot exceed $818. (Def.'s Mem. 2 (stating that Defendant's motion for summary judgment "would be unnecessary if the motion to dismiss is granted.").)

## CONCLUSION

The Court GRANTS Defendant's motion to dismiss that portion of Plaintiff's claim exceeding $818. Plaintiff may proceed on his claim for no more than $818.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: Central Islip, New York
February 13, 2007